IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TEAMSTERS LOCAL UNION NO. 727 HEALTH AND WELFARE FUND, TEAMSTERS LOCAL UNION NO. 727 PENSION FUND and TEAMSTERS LOCAL UNION NO. 727 LEGAL AND EDUCATIONAL ASSISTANCE FUND, <br><br> Plaintiffs, <br> v. <br><br> DE LA TORRE FUNERAL HOME & CREMATION SERVICES, INC., an Illinois Corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

# C O M P L A I N T

Plaintiffs, TEAMSTERS LOCAL UNION NO. 727 HEALTH AND WELFARE FUND, TEAMSTERS LOCAL UNION NO. 727 PENSION FUND and TEAMSTERS LOCAL UNION NO. 727 LEGAL AND EDUCATIONAL ASSISTANCE FUND, by and through their Attorney, Robert B. Greenberg, and complaining of DE LA TORRE FUNERAL HOME & CREMATION SERVICES, INC., an Illinois Corporation, allege as follows:

1. This action is brought under the provisions of Sections 502(g)(2), (a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), (a)(3), and 1145.

2. Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (e)(2). Section 502(e)(2) states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

3. The TEAMSTERS LOCAL UNION NO. 727 HEALTH AND WELFARE FUND, TEAMSTERS LOCAL UNION NO. 727 PENSION FUND and TEAMSTERS LOCAL UNION NO. 727 LEGAL AND EDUCATIONAL ASSISTANCE FUND, ("Funds") receive contributions from numerous employers pursuant to collective bargaining agreements heretofore entered into between Teamsters Local Union No. 727 ("Union") and Defendant, and the Funds are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Funds are administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

4. The Funds offices are located at 5940 West Montrose Avenue, Chicago, Illinois 60634, and the Funds are administered in the Northern District of Illinois.

5. As provided in the Trust Agreements, Plaintiffs are required to receive, hold and manage all monies required to be contributed to the Funds in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreements.

6. Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 2708 N. Western, Chicago, IL 60647.

7. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Funds.

8. Plaintiffs are advised and believe that Defendant has failed to submit accurate contribution reports and the required payments thereon to the Funds, pursuant to the terms of the collective bargaining agreement by which it is bound, all in violation of its contractual obligations under applicable federal statutes.

−2−

9. That Defendant is delinquent to the Funds for the period of November 1, 2011, through April 30, 2014, in the amount of $77,899.32, as determined by the Fund's Auditors.

10. Defendant's failure to pay is a violation of the collective bargaining agreement and the Trust Agreement. Plaintiffs, therefore, seek enforcement of these provisions pursuant to Section 502(a)(3), (b)(ii) , and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C., Sec. 185(a).

11. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiffs pray:

(a) That judgment enter in favor of Plaintiffs and against the Defendant in the amount of $77,899.32.

(b) That Defendant be compelled to account to Plaintiffs for contributions due as aforesaid and to pay to Plaintiffs any amount found due and owing in accordance with the applicable provisions of its Collective Bargaining Agreement.

(c) That Plaintiffs be awarded their costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

(d) That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreement and the applicable provisions of ERISA, as amended.

(e)     For such other and further relief as the Court may determine just and proper.

/s/ Robert B. Greenberg
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 1900
Chicago, Illinois 60606
(312) 263-1500
Fax: (312) 263-1520
rbg@ulaw.com
IL ARDC#: 01047558
